Benny MURRAY *v.* STATE of Arkansas

CR 81-88                                    642 S.W.2d 313

Supreme Court of Arkansas
Opinion delivered November 22, 1982

*Jack Lassiter,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

PER CURIAM. Petitioner Benny Murray was convicted with his co-defendant Patricia Langford of two counts of selling marihuana. We affirmed. *Murray & Langford* v. *State,* 275 Ark. 46, 628 S.W.2d 549 (1982). Murray now seeks

permission to proceed in circuit court for post-conviction relief pursuant to A.R.Cr.P. Rule 37.

Petitioner raises several grounds for relief, but only one allegation, designated VIII in the petition, raises a ground sufficient to grant permission to proceed in circuit court under Rule 37. He alleges in Paragraph VIII that counsel's representation of both him and Langford as co-defendants amounted to ineffective assistance of counsel because their interests conflicted substantially. He cites counsel's decision not to call him as a witness as support for the allegation. He asserts that he would have testified, if called, that Langford initiated and consummated the marihuana sales; therefore, since his testimony would have been damaging to Langford and exculpatory with respect to him, there was no way for counsel to represent both defendants without prejudice to him.

We find that the allegation presents a question which warrants our granting permission for petitioner to file a petition for post-conviction relief in circuit court limited to the allegation of ineffective assistance of counsel as discussed herein. In all other respects the petition is denied.

Affirmed in part and denied in part.